**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MIGUEL LEON,<br><br>    Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO. 3:CV-15-01<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before me is Defendant Target Corporation's ("Target") Motion to Dismiss (Doc. 6) Plaintiff Miguel Leon's ("Leon") Complaint.  For the reasons that follow, the motion to dismiss will be granted

### **I. Background**

Leon alleges that he has a cellular telephone number that has been used at all times as a cellular telephone number and was never ported from a wireline service. (*Compl.*, ¶ 8.) According to Leon, Target has caused to be made an "unknown number of calls" to this cellular telephone number. (*Id*. at ¶ 11.)  These calls were made using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice. (*Id*. at ¶ 12.)  None of these calls was made for emergency purposes, and the calls were made without Leon's express consent. (*Id*. at ¶¶ 13-14.)  Leon further asserts that these calls were made willfully and/or knowingly. (*Id*. at ¶ 17.)  In light of these allegations, Leon filed the Complaint in this action on January 1, 2015 asserting that Target violated the Telephone Consumer Protection Action, 47 U.S.C. § 227 *et seq.* ("TCPA").

On January 30, 2015, Target filed the instant motion to dismiss (Doc. 6), arguing that the Complaint lacks any factual allegations supporting a plausible TCPA claim. Alternatively, Target contends that Leon fails to state a TCPA claim because he provided Target prior express consent to call his cellular telephone number pursuant to the terms of

a credit card application, which Target attaches to an Affidavit offered in support of its motion to dismiss. (Doc. 9, Ex. 2.) Leon filed a timely brief in opposition to Target's motion to dismiss on February 13, 2015 (Doc. 10), and Target filed a reply brief in further support of its motion on February 27, 2015. (Doc. 11.) Target's motion to dismiss is now fully briefed and ripe for disposition.

## II. Discussion

### A.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can

2

provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S. Ct. 1937.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar.*, 998 F.2d

at 1196. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

**B.   Violation of the TCPA**

The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). Thus, to state a claim for a violation of § 227(b)(1)(A)(iii), a plaintiff must allege: (1) that the defendant called the plaintiff's cellular telephone; (2) using an ATDS; (3) without the plaintiff's prior express consent. *See Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

Here, Leon alleges that Target violated the TCPA by placing an "unknown number of calls" to his cellular telephone using an ATDS or prerecorded voice without his prior express consent. (*Compl.*, ¶¶ 11-14.) Target contends that these scant allegations fail to satisfy the requirements of *Iqbal* and *Twombly* as Leon fails to provide any facts to support his claim that Target violated the TCPA. (Doc. 7, 6-7.) In particular, Target notes that Leon has not provided the telephone number allegedly called, the number of calls, or the dates that the alleged calls were made. (*Id.*) In opposition, Leon argues that these details need not be pled in the Complaint and his factual allegations adequately set forth a violation of the TCPA. (Doc. 11.)[1]

---

[1]   In resolving the motion to dismiss, I have not considered the Affidavit of Susan L. Wolf (Doc. 9) submitted by Target in support of its motion. *See, e.g., Schmidt v.*

Although "[n]otice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context of every telephone call," *Evans v. Corinthian Colleges, Inc.*, No. 14-002, 2014 WL 2866369, at *2 (S.D. Ind. June 23, 2014) (citation omitted), the Complaint in this case is devoid of any factual averments regarding Target's alleged unlawful conduct. *Cf. Evans*, 2014 WL 2866369, at *2 (allegations sufficient where the plaintiff identified the number of calls and a "general time when the calls were made"); *Patton v. Corinthian Colls., Inc.*, No. 13-14814, 2014 WL 1118467, at *2 (E.D. Mich. Mar. 20, 2014) (denying motion to dismiss where the plaintiff's allegations provided the defendant "with sufficient notice of the time period in which she claims Defendant made the challenged calls to her cellular phone . . . ."); *Aronson v. Generation Mortgage Co.*, No. 13–1702, 2014 WL 641622, at *1 (W.D. Pa. Feb. 19, 2014) (holding that the plaintiff pled a viable TCPA claim where he "provided sufficient details of the date, time and place . . . of the offending call in support of his claim"). Here, the Complaint is bereft of even generalized factual allegations to put Target on notice of its purportedly unlawful conduct, *i.e.*, the timing and/or the approximate number of offending calls. As such, the motion to dismiss will be granted, but Leon will be granted the opportunity to file an amended complaint to properly plead his TCPA claims.[2] However, insofar as Target asserts that the

---

*Skolas*, 770 F.3d 241, 250 (3d Cir. 2014) ("an affidavit from a defendant may not be considered in deciding a motion to dismiss."). Similarly, I have not considered the documents attached to the Wolf Affidavit since they are not integral to or expressly relied upon in the Complaint and Leon's claims are not based on those documents. *See Schmidt*, 770 F.3d at 249 ("a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."); *Pension Benefit Guar.*, 998 F.2d at 1196 ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

[2]   Although Leon has included this information in his brief in opposition to the motion to dismiss, these allegations have not been considered in resolving the

Complaint is deficient because it fails to identify Leon's cellular telephone number, I am of the view that "a plaintiff's specific telephone number is not essential to providing a defendant notice of the conduct charged," and the "absence of a plaintiff's telephone number from the pleadings does not detract from the TCPA claim's plausibility and does not prevent a court from drawing 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Crawford v. Target Corp.*, No. 14-090, 2014 WL 5847490, at *4 (N.D. Tex. Nov. 10, 2014) (quoting *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937).

### III. Conclusion

For the above stated reasons, Target's motion to dismiss is granted without prejudice to Leon filing an amended complaint within twenty-one (21) days from the date of entry of the accompanying Order to properly plead his TCPA claim.

An appropriate order follows.

| | |
|---|---|
| March 19, 2015<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |

---

instant motion. Accord *Pennsylvania ex. rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").