**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MIGUEL LEON, | |
| Plaintiff, | CIVIL ACTION NO. 3:CV-15-01 |
| v. | (JUDGE CAPUTO) |
| TARGET CORPORATION, | |
| Defendant. | |

## **MEMORANDUM**

Presently before me is the Motion to Stay (Doc. 20) filed by Defendant Target Corporation ("Target"). Because a stay of these proceedings pursuant to the doctrine of primary jurisdiction is not warranted, Target's motion will be denied.

### **I. Background**

Plaintiff Miguel Leon ("Leon") commenced this action against Target on January 1, 2015 for alleged violations of the Telephone Consumer Protection Action, 47 U.S.C. § 227 *et seq*. ("TCPA"). (*Compl.*) Target moved to dismiss the Complaint, and by Memorandum and Order dated March 19, 2015 (Docs. 13; 14), Target's motion to dismiss was granted without prejudice to Leon filing an amended complaint within twenty-one days. Leon timely filed an Amended Complaint on March 25, 2015. (*Am. Compl.*)

On April 17, 2015, Target filed its Answer and Affirmative Defenses to Leon's Complaint. (Doc. 19.) Target then filed the instant motion to stay this action (Doc. 20) because "the issue of revocation of consent to receive non-telemarketing calls is the subject of a petition currently pending before the Federal Communications Commission ("FCC") and filed by Santander Consumer USA, Inc. in July of 2014." (Doc. 21, 2.) Target thus seeks a stay of these proceedings pursuant to the primary jurisdiction doctrine. Target's motion to stay has now been fully briefed and is ripe for disposition.

## II. Discussion

Target requests that this action be stayed under the primary jurisdiction doctrine because the issue of revocation of consent is currently before the FCC. Through that petition, Target asserts, "the FCC will provide guidance as to whether a right to revoke consent even exists, and- if it does- what actions a consumer must take to revoke his or her consent." (Doc. 21, 2.) In its reply brief in further support of its motion, Target states that the viability of Leon's claim "will turn on a single question: can a debtor verbally revoke prior express consent to call a cellular telephone number?" (Doc. 23, 1.)

Federal courts have "a virtually unflagging obligation . . . to exercise the jurisdiction given them," and, as such, abstention "is the exception rather than the rule." *Baykeeper v. NL Indus., Inc.*, 660 F.3d 686, 691 (3d Cir. 2011) (quotations and citations omitted). The doctrine of primary jurisdiction

> applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views.

*Id*. (quoting *United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 64, 77 S. Ct. 161, 1 L. Ed. 2d 126 (1956)). The *Baykeeper* court identified the following four factors relevant to a court's determination of whether to abstain on primary jurisdiction grounds:

> (1) Whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations within the agency's particular field of expertise; (2) Whether the question at issue is particularly within the agency's discretion; (3) Whether there exists a substantial danger of inconsistent rulings; and (4) Whether a prior application to the agency has been made.

*Id*. (quoting *Global Naps, Inc. v. Bell Atl.-N.J.*, 287 F. Supp. 2d 532, 549 (D.N.J. 2003)).

Target's request for a stay will be denied. With respect to the first issue identified by Target, "whether a right to revoke consent even exists" under the TCPA, (Doc. 21, 2), the Third Circuit has already addressed this question. In *Gager v. Dell Financial Services, LLC*,

2

727 F.3d 265 (3d Cir. 2013), the Third Circuit held that "the TCPA provides consumers with the right to revoke their prior express consent to be contacted on cellular phones by autodialing systems." *Id*. at 272.

The second issue identified by Target is whether a consumer can revoke consent orally. Target emphasizes that this question was not addressed by the *Gager* court because the plaintiff in that case revoked her prior express consent in writing. (Doc. 23, 3-4.) Staying this case under the primary jurisdiction until the FCC rules on the pending Santander Petition is not warranted.

First, as *Gager* illustrates, the common law concept of consent is an issue within the conventional experience of judges. *See Gager*, 727 F.3d at 270 ("Our holding that the TCPA allows consumers to revoke their prior express consent is consistent with the basic common law principle that consent is revocable."). Similarly, the second factor identified in *Baykeeper*, whether the question is particularly within the agency's discretion, does not weigh in favor of a stay.

Next, the danger of inconsistent rulings does not weigh in favor of staying this case pursuant to the primary jurisdiction doctrine. Although *Gager* did not address whether prior express consent could be revoked orally, the Eleventh Circuit *in Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), held that in the absence of any contractual restrictions to the contrary, consumers were free to orally revoke consent under the TCPA. Moreover, the line of New York district court cases cited by Target holding that consent cannot be revoked, or can only be revoked in writing, does not demonstrate a substantial danger of inconsistent rulings. (Doc. 23, 5-6.) These decisions all predate *Gager* and *Osorio*, and, more importantly, the reasoning of those courts was expressly rejected by both the Third and Eleventh Circuits. *See Osorio*, 746 F.3d at 1254-55 (finding the reasoning of four cases from the Western District of New York, including *Starkey v. Firstsource*

*Advantage, LLC*, No. 07-662, 2010 WL 2541756, at *5 (W.D.N.Y. Mar. 11, 2010), "conflate[d] apples and oranges"); *Gager*, 727 F.3d at 270 (disagreeing with the reasoning of *Kenny v. Mercantile Adjustment Bureau, LLC*, No. 10-1010, 2013 WL 1855782, at *7 (W.D.N.Y. May 1, 2013), and *Saunders v. NCO Fin. Sys., Inc.*, 910 F. Supp. 2d 464, 468-69 (E.D.N.Y. 2012)).

Lastly, while a prior application has already been made to the FCC, this factor alone does not support abstention on primary jurisdiction grounds.  Accordingly, this litigation will not be stayed pursuant to the doctrine of primary jurisdiction.

### III. Conclusion

For the above stated reasons, Defendant Target Corporation's motion to stay will be denied.

An appropriate order follows.


June 15, 2015                                      /s/ A. Richard Caputo
Date                                                    A. Richard Caputo
                                                            United States District Judge